JOHN L. BURRIS, Esq./ State Bar # 69888
LAW OFFICES OF JOHN L. BURRIS
7677 Oakport Street, Suite 1120
Oakland, CA 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
E-Mail: John.burris@johnburrislaw.com

GAYLA B. LIBET, Esq./ State Bar # 109173
LAW OFFICES OF GAYLA B. LIBET
486 41st Street, # 3
Oakland, CA 94609
Telephone and Facsimile: (510) 420-0324
E-Mail: Glibet@sbcglobal.net

Attorneys for Plaintiff

Gregory M. Fox, Esq./ State Bar # 70876
Arlene C. Helfrich, Esq./ State Bar # 96461
Bertrand, Fox and Elliot
The Waterfront Building
2749 Hyde Street
San Francisco, CA 94109
Telephone: (415) 353-0999
Facsimile: (415) 353-0990
E-Mail: Gfox@bfesf.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| GABRIEL J. HURST, | Action No. C-08-02518-WDB |
|---|---|
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER** |
| vs. | |
| CITY OF ALAMEDA, et al., | |
| Defendants. | |

## STIPULATION

1. The parties to this action, by and through their counsel of record, hereby stipulate to the imposition of the following proposed protective order as to materials to be produced in discovery

1 in this action from CITY OF ALAMEDA police files ("APD"), or other sources maintained by
2 defendant CITY OF ALAMEDA ("CITY"), regarding the individual defendant police officers herein;
3 any public records or reports; internal affairs files; training materials; names, addresses, and
4 telephone numbers of witnesses disclosed by defendants; and, any other produced materials to which
5 the parties may agree in writing;

6   2.   The materials included in the abovementioned proposed protective order are as
7 follows:

8   A.   Any document which is produced in discovery in this case from defendant APD files,
9 or other sources maintained by defendant CITY, including:

10      (1)   Any Internal Affairs investigations and findings re defendant officers
11 DERESPINI and/or SUMMIT's conduct re the subject incident;

12      (2) Any Internal Affairs investigations and findings re any complaints made against
13 defendant officers DERESPINI and/or SUMMIT, from five (5) years before the subject incident to
14 date, for excessive force; false detentions and arrests; and/or treating persons in a manner that is
15 racially discriminatory;

16      (3) Any complaints filed in court against defendant officers DERESPINI and/or
17 SUMMIT from five (5) years before the subject incident to date, for excessive force; false detentions
18 and arrests; and/or treating persons in a manner that is racially discriminatory; and,

19      (4) Any complaints filed with any citizen review board or agency against defendant
20 CITY and defendant officers DERESPINI and/or SUMMIT from five (5) years before the subject
21 incident to date, for excessive force; false detentions and arrests; and/or treating persons in a manner
22 that is racially discriminatory;

23   B.   The names; addresses; and telephone numbers of any civilian witnesses disclosed by
24 defendants in discovery;

25   C.   Any and all public records disclosed by defendants in discovery; and,

26   D.   Any other materials that the parties agree in writing are to be covered by this
27 Protective Order;

28   3.   All "confidential materials" shall be designated by stamping or otherwise marking

each such document, as follows:

**"CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER."**

4. Confidential material may be disclosed only to the following persons:

A. Counsel for any party to this litigation;

B. Paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel for the parties to this litigation;

C. Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for trial in this action;

D. Any outside expert or consultant retained by any party to this action, in connection with this action, and not otherwise employed by either party; and,

E. Any "in-house" expert designated by any party to testify at trial in this matter.

Nothing in paragraph 4 above is intended to prevent officials or employees of the CITY, or other authorized government officials, from having access to the documents so designated, if they would have such access in the normal course of their job duties. Furthermore, nothing herein prevents any witness from disclosing events or activities personal to him or her, that is, a witness may disclose to others, without restriction under this Order, information previously given to the CITY with respect to what he or she saw, heard, or otherwise sensed;

5. Each person to whom disclosure is made, with the exception of counsel, who are presumed to know the contents of this protective order, shall be provided by the person furnishing him or her "confidential material", as designated herein, with a copy of this Order, and shall agree on the record, in writing, that he or she has read this protective order and consents to be subject to the jurisdiction of this Court with respect to the enforcement of this Order, including without limitation, any proceeding for contempt. Unless such agreement is made on the record in this litigation, counsel making the disclosure to any person described above shall retain the original executed copy of said written agreement until final termination of this litigation;

6. At the conclusion of the trial in this matter, and of any appeal, or upon the termination of this action by any other means, all confidential material received under the provisions of this Order, including any copies made thereof, shall be tendered back to the defendants or their attorneys.

1. Provisions of this order, insofar as they restrict the disclosure and use of the confidential material, shall remain in full force and effect until further Order of this Court;

7. The foregoing is without prejudice to the right of any party to this action:

    A. To apply to the Court for a further protective order relating to any confidential material, or relating to discovery in this litigation; and/or

    B. To apply to the Court for an Order compelling production of documents; for modification of this Order; or for any Order permitting disclosure of confidential material beyond the terms of this Order;

Counsel for the parties to this action hereby declare that they have read the foregoing, that they approve thereof as to form and content; and that on behalf of the parties they represent in this action, they stipulate thereto.

IT IS SO STIPULATED.

LAW OFFICES OF GAYLA B. LIBET

Dated: September 16, 2008       By: _____/s/_____
                                    GAYLA B. LIBET, Esq.
                                    Attorneys for Plaintiff


LAW OFFICES OF JOHN L. BURRIS

Dated: September 16, 2008       By: _____/s/_____
                                    JOHN L. BURRIS, Esq.
                                    Attorneys for Plaintiff


BERTRAND, FOX & ELLIOT

Dated: September 17, 2008       By: _____/s/_____
                                    GREGORY M. FOX, Esq.
                                    Attorneys for Defendants

**ATTORNEY ATTESTATION**

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this E-filed document.

Dated: September 17, 2008

/s/
GREGORY M. FOX

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: 9-22-08

HONORABLE WAYNE D. BRAZIL
UNITED STATES DISTRICT COURT MAGISTRATE JUDGE